## J. ALLEN v. THE STATE.

No. 12839.   Delivered December 4, 1929.

The opinion states the case.

*E. L. Bruce* of Orange, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of two years.

The appellant went to the filling station of the witness Mayo and left his pistol. He told the witness that he wanted a car. The witness arranged for a car and a driver. Appellant told the driver that he wanted a woman. The appellant and the driver got into the car and drove to a certain portion of the town, and a woman got into the car and sat upon the back seat. Trahan, the driver, testified that a woman got in the car and sat on the back seat while he and the appellant sat upon the front seat. The driver said that he

drove without directions from the appellant until he reached a certain corner, at which point he went under the instructions of the appellant; that the appellant pulled an automatic pistol and said to the witness: "If you make a crooked move I will blow your guts out." When the car reached a certain store between 9th and 10th Streets, the witness was told to slow down, and when it reached a point on 10th Street, he was told to stop. The car was stopped and the woman got out. The appellant said that he wanted to walk over to the filling station and see some one, and wanted the witness to go with him. When the appellant started to get out of the car, the witness grabbed the gun and took it away from the appellant. He then put him under restraint and called an officer. The witness testified that physically he was more than a match for the appellant. There was other evidence that the appellant was drunk. He testified that he had no intent to kill any one. The evidence showed that the pistol was not loaded; that is to say, that there were cartridges in the magazine but not in the barrel. The appellant also testified that from something that had happened he got the impression that he was going to be arrested and told the driver to take him to Mayo's filling station; that what he said to the driver was to drive him to the curb; that when they reached the filling station he attempted to get out and was seized by the driver; that he made no resistance; that the gun was not loaded and that he had no intent to kill the driver.

In its main charge the court instructed the jury in substance that an intent to kill was essential to the conviction. However, the appellant requested a charge, which the court refused to give, which was far more specific in regard to the facts of the case. If the issue of an assault with intent to murder was in the case, the special charge should have been given. The opinion is expressed, however, that the evidence does not raise the issue of a specific intent to kill. In other words, the evidence would not support a conviction of an assault with intent to murder.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*